[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Gregory C. Allen appeals from the summary judgment granted by the trial court to defendants-appellees Burlew, Caliman 
Youngblood, L.P.A. ("the firm") and John M. Burlew. Allen sued Burlew and the firm after Noel Caliman, who was once associated with the firm, had mishandled Allen's personal-injury lawsuit. Caliman had filed the suit on behalf of Allen on March 7, 1991, but had failed to have the defendant served within one year of filing the complaint. As a result, the lawsuit was dismissed with prejudice on October 9, 1992. Due to Caliman's misrepresentations, Allen did not discover Caliman's malpractice until August of 1995. At that time, Allen retained an attorney to pursue a legal-malpractice claim. In August of 1996, while attempting to negotiate a settlement, Caliman signed an agreement on behalf of himself and the firm that purported to toll the statute of limitations on the legal-malpractice claim for three months. Caliman subsequently signed eight more tolling agreements, roughly every three months, tolling the statute of limitations until March 15, 1998. Frustrated with settlement efforts, Allen eventually filed this complaint on March 13, 1998. Burlew and the firm filed a motion for summary judgment, raising the statute of limitations as a defense. They argued that the firm had been dissolved in law and in fact by December of 1991, and therefore that, in 1996, Caliman had no authority to bind the firm to a tolling agreement. The trial court granted their motion.
In his first assignment of error, Allen posits the following:
 Where a member of a professional association is held out as a member of the association it is an issue of fact whether he had apparent authority to bind the association and its members and it is error for the trial court to grant summary judgment.
 Allen argues that even if Caliman had no actual authority to bind the firm to a tolling agreement, genuine issues of fact remained as to whether Caliman had apparent authority, because Allen knew that Caliman had at one time been associated with Burlew, and that as recent as the year 2000, several legal directories had listed Burlew as associated with the law firm of Burlew, Caliman and Youngblood.
The trial court must deny a party's motion for summary judgment unless, after viewing the evidence in the light most favorable to the party opposing the motion, it appears that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56.
In order for Caliman's act of signing the tolling agreement to be binding on the firm, and on Burlew as a member of the firm, under the theory of apparent agency, the evidence must have affirmatively shown the following:
 (1) [T]hat the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted to act as having such authority, and (2) that the person dealing with the agent knew of those facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority.
 Master Consolidated Corp. v. BancOhio Natl. Bank (1991),61 Ohio St.3d 570, 575 N.E.2d 817, syllabus. In this case, Burlew and Caliman both testified at their depositions that Caliman did not have any authority to bind the defunct law firm to the tolling agreement. Further, Burlew testified that he had no knowledge of the tolling agreements or the fact that Caliman had signed any agreement on behalf of the defunct law firm. Finally, and most importantly, the evidence submitted to the court on the summary-judgment motion demonstrated that on June 20, 1997, at a disciplinary hearing before the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio for his conduct in Allen's case, Caliman testified in the presence of Allen that he had been suspended from the practice of law beginning in April of 1997, and that, prior to that time, he was a sole practitioner. He further stated that he had an association with John Burlew from the years 1983-1989, but it had been dissolved.
In light of this latter evidence, after June 20, 1997, Allen could not, in good faith, have believed that Caliman had the authority to bind the firm to a tolling agreement. Apparent authority cannot arise where a reasonably prudent party would not be justified in assuming that an agency relationship existed. See Master Consolidated, supra.
Any tolling agreements signed by Caliman after the hearing on June 20, 1997, could not have been binding on the firm under the theory of apparent agency. The last pre-hearing agreement extended the statute of limitations for any claim against the firm until August 15, 1997. Allen's legal-malpractice action was not filed until March 1998, seven months after the statute of limitations against the firm had expired. Accordingly, the trial court did not err in granting summary judgment to the firm and Burlew.
In his second assignment of error, Allen argues that the trial court erred in striking his affidavit. In his third assignment of error, he argues that the court erred in overruling his motion to compel discovery. These assignments are rendered moot by our resolution of the first assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.